# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JASON N. WARREN, | Case No. 1:18-CV-543 |
| Plaintiff, | Dlott, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff Jason N. Warren filed this Social Security appeal to challenge Defendant's finding that he is not disabled for the purposes of his eligibility to receive Social Security Disability Insurance Benefits. 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents six claims of error, all of which the Defendant disputes. For the the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

On September 14, 2015, Plaintiff applied for diability insurance benefits, alleging disability beginning April 5, 201.1 (Tr. 87, 104, 167-73). Plaintiff's application was denied initially on November 6, 2015 and upon reconsideration on January 22, 2016. (Tr. 105-08, 127-29). Plaintiff then filed a written request for a hearing on February 16, 2016 before an Administrative Law Judge ("ALJ"). On November 29, 2017 (Tr. 32-74), ALJ William Diggs held a hearing at which Plaintiff appeared with counsel and testified. Robert Breslin, an impartial vocational expert, also appeared at the hearing.

In a Decision dated January 29, 2018, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 9-29). Plaintiff filed a timely request for a review before the Appeals Council of the Office of Disability Adjudication and Review. On April 23, 2018, the Appeals Council advised Plaintiff's counsel of Plaintiff's right to submit additional evidence that is new, material, and relates to the period on or before the date of the hearing decision. (Tr. 7-8). In response, Plaintiff submitted a May 10, 2018 statement from plaintiff's treating physician, Dr. Chang. (Tr. 31). In a Decision dated June 29, 2018, the Appeals Council denied Plaintiff's claim and found that the May 10, 2018, letter did not show a reasonable probability that would change the outcome of the decision and therefore was not considered. (Tr. 1-6). Thereafter Plaintiff commenced this action.

Plaintiff was 36 years old on the date of the ALJ's decision. (Tr. 39). He was homeshooled from 4th to 12th grade, obtained a high school diploma, and an associate's degree from Cincinnati State Techinal College in PC Support and Administration. (Tr. 40). After graduating, he was hired at Frost, Brown, Todd as computer support and help desk technician. (Tr. 40-41). His past relevant work also includes appliance deliverer/installer.

Based upon the record and testimony presented at the hearing, the ALJ found that through the day last insured, the Plaintiff had the following severe impairments: "fibromyalgia; disorders of the spine; bilateral knee arthritis; irritable bowel syndrome (IBS); obesity; anxiety disorder; and effective disorder". The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that through

the day last insured, Plaintiff had the following residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [T]he claimant must periodically alternate sitting and standing to relieve pain and discomfort. He can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds. He can frequently balance. He can occasionally stoop, kneel, crouch or crawl. He must avoid all exposure to unprotected heights. He can perform some multi-step tasks in a setting with flexible pace and production quotas.

(Tr. 17).

Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work. Nonetheless, there were jobs that existed in significant number in the national economy, through the date last insured, that he could have performed, including such jobs as document preparer, addressor, and assembler. (Tr. 24). Accordingly, the ALJ determined that Plaintiff, through the date last insured, was not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) failing to consider Plaintiff's limitations caused by pain and other symptoms; 2) failing to assess all of the manifestion of Plaintiff's fibromyalgia; 3) failing to consider the impact of Plaintiff's morbid obesity; 4) improperly found Plaintiff's description of his RFC not credible; 5) substituting his own opinion for the experts' findings regarding anxiety and depression and cognitive limitations; and 6) finding that the

additional evidence would not have changed the outcome.[1] Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

---

[1] Many of Plaintiff's stated errors contain dublicate arguments and will be considered together when warranted for judicial clarity.

4

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve

months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by substantial evidence**

*1. Physical Impairments*

Plaintiff's main argument appears to be that the ALJ did not sufficiently consider his physical impairments, particularly his severe impairments of fibromyalgia, irritable bowel syndrome (IBS), and obesity and the combined effects thereof.

Notably, Plaintiff argues that ALJ failed to properly evaluate his fibromyalgia. Specifcially, Plaintiff contends that the ALJ improperly evaluated the severity of the many fibromyalgia symptoms suffered by Plaintiff by failing to consider the combined effect of those symptoms upon Plaintiff's capacity to engage in work activities. Plaintiff further contends that the ALJ failed to consider the longitudinal nature of plaintiff's fibromyalgia in assessing the severity of this condition; and the fact that fibromyalgia symptoms wax and wane in order to recognize that a temporary abatement of a symptom does not reflect an improvement in a fibromyalgia patient's overall physical functional capacity. Plaintiff's contentions are unavailing.

As detailed above, the ALJ determined that Plaintiff had the severe impairment of fibromyalgia. (Tr. 15). The ALJ noted that, in 2015, Plaintiff saw a rheumatologist and that treatment notes indicated allegations of chronic widespread pain in his neck, knees, lower back, left ribs, legs, and hips since 2014. (Tr. 18, 280-81, 297-302). Plaintiff also reported malaise and fatigue and the rheumatologist noted muscle tenderness and tender points on examination. *Id.* Plaintiff also had complaints of cognitive and memory problems consistent with "fibro fog." (Tr. 18-19, 394). The ALJ also appropriately noted that other

6

causes of Plaintiff's symptoms had been properly excluded, as is consistent with a diagnosis of fibromyalgia. (Tr. 18).

Moreover, Plaintiff argues that the ALJ should have given more credence to his pain complaints because his rheumatologist and primary care doctor diagnosed fibromyalgia and documented his pain on several occasions. However, it is well established that a mere diagnosis does not compel a finding of disability. *See Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990) (diagnosis of an impairment is not enough for a finding of disability). *See also Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("[A] diagnosis of fibromyalgia does not automatically entitle [claimant] to disability benefits . . ."); *Estok v. Apferl*, 152 F.3d 636, 640 (7th Cir. 1998) ("[F]ibromyalgia is not always (indeed, not usually) disabling."). Second, the ALJ here carefully considered Plaintiff's diagnosis and complaints of pain, but also reasonably considered Plaintiff's conservative treatment and noted that medications relieved his symptoms. (Tr. 19, 297-99, 375-78, 487-88, 491-92, 495-96).

The ALJ also considered Plaintiff's overall conservative treatment for his other impairments, which again undermined Plaintiff's subjective complaints of pain. (Tr. 19-20). For example, Plaintiff treated with a pain management specialist in 2015 and 2016 for his spine impairment. (Tr. 19, 381-91, 439-78, 478-547). This treatment consisted of injections, which relieved a portion of Plaintiff's back pain; in August and September 2015, Plaintiff reported up to 80% pain relief. (Tr. 19, 381, 441, 446, 451-52, 456-59, 463). He was also prescribed a conservative regimen of medications, with no opioids, that Plaintiff stated reduced his pain. (Tr. 19-20, 382, 385, 387, 389, 453, 469, 475). Plaintiff also had several sessions of physical therapy in October and November 2017. (Tr. 20, 405-11).

Plaintiff received similarly conservative treatment for his knee impairment. (Tr. 20, 504). He relied exclusively on medication to treat this condition and treatment notes indicate that Plaintiff responded positively to this regimen. Id. In sum, the undersigned finds that the ALJ properly considered Plaintiff's fibromyalgia and resulting symptoms in formulating Plaintiff's RFC. As such, the ALJ's finding in this regard should not be disturbed.

Plaintiff also contends that the ALJ failed to consider the impact of Plaintiff's obesity on his ability to perform gainful activity. In this regard, Plaintiff notes that he is 5'10" and weighs 386 pounds, which is a BMI of 54.13. Here, however, the ALJ determined that Plaintiff had the severe impairment of obesity and noted that throughout the record, especially around 2016, Plaintiff's weight exceeded 400 pounds. (Tr. 15, 20, 492). The ALJ also noted Plaintiff's testimony that he weighed more than 300 pounds for the past 15 years, and that doctors did not recommend gastric bypass surgery because of his gastrointestinal issues. (Tr. 18, 51). Moreover, the state agency reviewing physicians explicitly considered Plaintiff's obesity, yet opined that he could perform light work even with this impairment. (Tr. 22, 75-86, 88-103). The ALJ only gave these opinions some weight given that evidence submitted after these physicians authored their opinions necessitated further restrictions. (Tr. 22). However, there is no indication that Plaintiff's obesity caused any additional limitation after these opinions were authored to invalidate the findings therein, or to invalidate the ALJ's assessment of Plaintiff's obesity.

With respect to Plaitniff's irritable bowel syndrome (IBS), the ALJ noted that Plaintiff had been diagnosed with IBS and had experienced abdominal symptoms beginning several years prior to the alleged onset date, in 2008. (Tr. 20, 646). Further, as detailed by the Commisserion, diagnostic studies from this remote period, as well as

8

those close to the alleged onset date, showed no abnormalities in Plaintiff's colon. (Tr. 20, 412, 425, 431-32). While Plaintiff reported symptoms of nausea, vomiting, and diarrhea around the alleged onset date, there is no indication that Plaintiff's condition deteriorated at that time, or after that date. (Tr. 20, 637). The ALJ properly noted that the medical evidence showed that Plaintiff's IBS symptoms, during the relevant period, were sporadic and amenable to treatment. (Tr. 20). For example, in 2013, Plaintiff reported exacerbated symptoms that lasted several days before abating. (Tr. 20, 321-28). He also stated that probiotics helped with abdominal pain and cramps. (Tr. 20, 321). The following month, Plaintiff stated that his abdominal pain was mild and he indicated that his symptoms continued to improve by the end of the year. (Tr. 20-21,324-31). In 2015, Plaintiff reported only needing to use the bathroom three times that morning. (Tr. 21, 365-70). As the ALJ noted, this was not inconsistent with working in a job with flexible pace and production quotas. (Tr. 21). For these reasons, the undersigned finds that the ALJ properly evaluated Plaintiff's severe impairment of IBS and reasonably determined that it did not cause work-preclusive limitations.

Last, Plaintiff contends that the ALJ failed to properly consider the combine effects of his fibromyalgia, IBS, and obesity on his ability to sustain gainful employment. Here, however, the ALJ's decision clearly indicates that he considered the combined effect of Plaintiff's impairments. (See Tr. 15-16). The ALJ expressly refers to a "combination of impairments" in finding that Plaintiff does not meet any of the Listings. Id. *See also Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir.1990) ("An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a

9

'combination of impairments' in finding that the plaintiff does not meet the listings."). The ALJ's decision also indicates that he considered whether Plaintiff's impairments met Listings 1.04(A), 12.04 and 12.06 and thoroughly explained his rationale for concluding that she did not meet any of those Listings. The ALJ also indicated that he considered Plaintiff's obesity in combination with her other impairments.

### 2. *Mental Impairments*

Plaintiff further asserts that the ALJ improperly substituted his own judgment for the medical opinions regarding Plaintiff's anxiety and depression. While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, he is not permitted to make his own evaluations of the medical findings. As recognized by this Court, "[t]he ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Comm'r of Soc. Sec.*, No. 1:07–cv–51, 2008 WL 1733181, at *13 (S.D.Ohio April 14, 2008) (Beckwith, J.; Hogan, M.J.) (citing *Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir.1963); Clifford v. Apfel, 22.7 F.3d 863, 870 (7th Cir.2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir.1985); *Sigler v. Sec'y of H.H.S.*, 892 F.Supp. 183, 187–88 (E.D.Mich.1995)).

Here, however, the ALJ properly evaluated the medical opinions and record evidence relating to Plaintiff's mental impairments. In this regard, the ALJ noted that Plaintiff's primary care physician diagnosed Plaintiff with anxiety and was prescribed Prozac. He further noted that Plaintiff was prescribed psychotropic medications in relation to his fibromyalgia symptom's. The ALJ further noted that the consultative examination with Brian Griffiths, Psy.D. in January 2016 did not substantiate Plaintiff's allegations

10

regarding his mental impairments. (Tr. 21). On exam, Plaintiff appeared depressed with a flat affect, but did not exhibit any autonomic or motoric indications of anxiety (Tr. 21, 396). He recalled five digits forward and five backwards, remembered one of three objects after a five-minute delay, and successfully completed a serial counting task. *Id.* Plaintiff correctly calculated several arithmetic problems, correctly interpreted a saying, and exhibited a fund of common knowledge. Id. Dr. Griffiths noted that Plaintiff understood and followed simple instructions during the exam, could follow conversation adequately, and worked at an adequate rate. (Tr. 397-98).

Moreover, other than asserting that he has been diagnosed with anxiety and depression, Plaintiff fails to identify and record evidence that supports greater functional limitations than those found by the ALJ relating to his mental impairments. As noted above, a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146,151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment).

In light of the forgoing, the undersigned finds that substantial evidence supports the Commissioner's decision and the decision should be affirmed in this regard.

### C. Sentence Six Remand

Also before the Court is Plaintiff's request for a sentence six remand to allow the Commissioner to consider additional records from Roger Chang, M.D., his treating physician. Plaintiff's request is not well-taken.

Pursuant to sentence six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence

or available to the claimant at the time of the administrative proceeding" and "material," meaning there is "a reasonable probability that the Secretary would have reached a difference disposition." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.2001) (citations omitted); see also *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir.2006). The plaintiff must also establish good cause for his failure to present the evidence to the ALJ. See Bass v. McMahon, 499 F.3d 506 (6th Cir.2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). "'Good cause' is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a 'harder line.'" *Saunders v. Comm'r of Soc. Sec.*, 2010 WL 1132286 at *3 (W.D.Mich. March 3, 2010) (quoting *Oliver v. Sec. of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir.1986) (additional citations omitted).

Here, the ALJ issued his decision in January 2018. (Tr. 9-29). Four months later, Plaintiff submitted a letter from his treating physician, Roger Chang, M.D., stating that Dr. Chang agreed with the functional capacity evaluation performed by physical therapist Karen Scholl in October 2017. (Tr. 31). The Appeals Council considered this letter, found that it did "not show a reasonable probability that it would change the outcome of the decision," and denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Plaintiff now aseeks a sentence six remand to consider this evidence. Plaintiff, however, has failed to show that such evidence is new and material.

As noted by the Commissioner, his material is not new. Though it post-dates the ALJ's decision, it was available to Plaintiff prior to that point. Dr. Chang could have reviewed Ms. Scholl's evaluation at any time prior to January 2018, and made those results made available to the ALJ. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)

(additional evidence is new if it was not available to the claimant at the time of the administrative proceeding). Furthermore, the evidence is not material. Evidence is material for the purpose of sentence six if there is a "reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357.

Plaintiff appears to argue that if Ms. Scholl's evaluation had been endorsed by a treating source, the ALJ would have given it controlling weight, and therefore, found him disabled. However, upon review of Dr. Chang's letter, the Appeals Council found that there was not a reasonable probability that this letter would have changed the outcome of the decision and therefore, it was not material. (Tr. 2). Furthermore, as noted by the Commissioner, the ALJ did not discount Ms. Scholl's evaluation solely because she was not a treating source. (Tr. 22). Notably, in rejecting Ms. Schools evaluation, the ALJ determined that her findings were inconsistent with the medical evidence showing that Plaintiff had undertaken only conservative treatment that was largely effective for both his fibromyalgia and orthopedic problems. (Tr. 22, 297-99, 375-78, 382, 385, 389, 359, 453, 469, 478, 497-88, 491-92, 495-96, 504). In addition, the ALJ referenced the objective medical evidence in the record including diagnostic studies that revealed no abnormalities in Plaintiff's back and mild arthritis in his knees. (Tr. 22, 477-78, 526-27). Finally, the ALJ discussed how Plaintiff's activities of daily living were not in line with the restrictions in Ms. Scholl's evaluation. (Tr. 22). Plaintiff assisted his children with their homework, suggesting that he could sit longer than the opined 20 minutes, and occasionally rode his motorcycle. (Tr. 22, 61-63)

Accordingly, Plaintiff's request for a sentence six remand is not well-taken.

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JASON N. WARREN, | Case No. 1:18-CV-543 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).